Opinion issued November 23, 2005










     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01065-CR




JAMES LAMOND CERF, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 994792








 
MEMORANDUM OPINION

          Appellant, James Lamond Cerf, was charged by indictment with burglary of a
habitation. See Tex. Pen. Code Ann. § 30.02 (Vernon 2003). The indictment
included an enhancement paragraph alleging two prior felony convictions of burglary
of a habitation. See Tex. Pen. Code Ann. § 12.42(c)(1) (Vernon Supp. 2004–2005). 
A jury found him guilty of burglary, found the allegations in the enhancement
paragraph to be true, and assessed punishment at 99 years in prison and a fine of
$10,000.
          In six points of error, appellant argues that he received ineffective assistance
of counsel.
          We affirm.
Background
           On July 9, 2004, appellant and a friend drove a rented Chevy Impala through
a residential neighborhood. A painter working on another house, William Flores,
observed them driving up to the house of the complainant, Salvador Arevalo. Flores
saw them walk around to the back of the house. Moments later he saw them exit
through the garage with some of the complainant’s family’s belongings. When the
police were called to the scene, Flores told the police what he had seen and gave them
the license plate number to the Impala, which he had written down. The police traced
the rented car back to appellant, and Flores identified appellant in a photo spread. All
of this information was presented at trial, and the jury returned a verdict of guilty.
          During the punishment phase, evidence was introduced from searches of two
apartments where appellant had resided. Both searches produced evidence of prior
burglaries that had been reported. Additionally, the State entered into evidence a
stipulation of evidence showing six criminal convictions on appellant’s record along
with the records of a sentence and judgment for each of the convictions. From this
information, the jury assessed punishment at 99 years in prison and a fine of $10,000.
Ineffective Assistance of Counsel
          In six points of error, appellant argues he received ineffective assistance of
counsel during the punishment phase of his trial because trial counsel (1) failed to
request notice of the State’s intent to introduce evidence of other crimes, wrongs, or
acts; (2) failed to conduct discovery; (3) failed to properly object to evidence
discovered during a search of appellant’s residence; and (4) failed to object to the
testimony of three witnesses concerning extraneous acts of appellant.A. Standard of Review and Applicable Law
          Appellant was entitled to reasonably effective assistance of counsel. U.S.
Const. amend. VI; Tex. Const. art. I, § 10. In considering whether counsel’s
assistance was so defective that a reversal of the conviction is warranted, we follow
the standard enunciated in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984). Hernandez v. State, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App.
1999). Under the Strickland standard, we determine (1) whether counsel’s
performance was deficient and (2) whether, but for counsel’s deficient performance,
the result of the proceeding would have been different. Id. The Strickland standard
applies to both guilt and punishment phases. Id. at 772.
          To prevail, appellant must show ineffective assistance by a preponderance of
the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In
addition, appellant must overcome the “strong presumption that counsel’s conduct
falls within the wide range of reasonable professional assistance” or might reasonably
be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. 
          As the reviewing court, we consider the adequacy of assistance as viewed at
the time of trial, not through hindsight. Hawkins v. State, 660 S.W.2d 65, 75 (Tex.
Crim. App. 1983). We cannot speculate as to the reasons why trial counsel behaved
as he did; rather, we must be highly deferential and presume that counsel’s actions
fell within the wide range of reasonable and professional assistance. See Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).
          The Court of Criminal Appeals has held that, normally, trial counsel should be
given an opportunity to explain his actions before being denounced as ineffective. 
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Otherwise, “the
record on direct appeal is undeveloped and cannot adequately reflect the motives
behind trial counsel’s actions.” Id. at 110–11 (quoting Mallett v. State, 65 S.W.3d 59,
63 (Tex. Crim. App. 2001)).
B.      Analysis
          As to the first prong of the Strickland standard, appellant must show errors
“firmly founded in the record” to support his claim of deficient performance. 
Thompson, 9 S.W.3d at 813. The record on direct appeal leaves us with little evidence
concerning trial counsel’s strategy. We will not speculate regarding trial counsel’s
strategy, nor do we find the errors appellant complains of so egregious that no trial
strategy could justify their occurrence.
          As evidence of trial counsel’s ineffectiveness, appellant points to statements
that trial counsel made during the closing of the penalty phase where the attorney told
the jury he was surprised and overwhelmed by the number of witnesses the State
brought forth at trial. Statements made by trial counsel during opening and closing
statements, however, are not evidence. Bigby v. State, 892 S.W.2d 864, 886 (Tex.
Crim. App. 1994); United States v. Mitchell, 166 F.3d 748, 753 (5th Cir. 1999). 
Additionally, we have no reason to believe that this also was not a part of trial
counsel’s strategy.
          Because of the lack of evidence in the record indicating trial counsel’s trial
strategy, we cannot find trial counsel’s performance was deficient.
          We overrule appellant’s points of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).